UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| DAVID L. CRISP, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Case No. 17-1351-JES |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## ORDER AND OPINION

Now before the Court is Petitioner David Crisp Jr.'s Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. For the reasons set forth below, Petitioner's Motion (Doc. 1) is DENIED and the Court declines to issue a Certificate of Appealability.

### BACKGROUND[1]

On September 25, 2013, Petitioner David Crisp, Jr. was charged by a federal grand jury in a one-count indictment alleging that he possessed 28 or more grams of cocaine base with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B). R. 8. He was represented by Assistant Federal Public Defender Elisabeth R. Pollock. In January of 2014, Crisp entered an open plea of guilty, which the Court later accepted. On May 15, 2014, Crisp was sentenced to 240 months of imprisonment—22 months below his applicable guidelines range of 262 to 327 months—by Judge Michael P. McCuskey. R. 26.

Crisp appealed his sentence. On appeal, he challenged the conditions of his supervised release that required him to refrain from any use of alcohol and to support his dependents and

---

[1] Citations to documents filed in this case are styled as "Doc. __." Citations to the record in the underlying criminal case, *United States v. Crisp*, No. 13-cr-20050-JES-DGB (C.D. Ill.) are styled as "R.__."

1

meet other family responsibilities. In a consolidated appeal, the Seventh Circuit addressed several supervised release conditions and reversed and remanded for resentencing. *United States v. Kappes*, 782 F.3d 828, 853 (7th Cir. 2015).

On July 29, 2015, Crisp was resentenced to 168 months of imprisonment by the undersigned judge. R. 53. Crisp appealed his sentence, challenging various supervised release conditions for a second time. The Seventh Circuit affirmed. *United States v. Crisp*, 820 F.3d 910, 916 (7th Cir. 2016).

On July 28, 2017, Crisp filed the instant Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Doc. 1. Therein, he raises three principal arguments: (1) his attorney was ineffective for failing to file a motion to suppress the results of the search warrant at his residence for lack of probable cause; (2) his attorney was ineffective for failing to disclose discovery material to him during the course of pretrial proceedings; and (3) the Court should stay the instant § 2255 proceedings while he challenges a state court conviction that was used as a basis to qualify him as a Career Offender. Doc. 1, at 14–29.

The United States filed a Response (Doc. 7) to Crisp's Motion, and Crisp filed a Reply (Doc. 11). This Order follows.

## LEGAL STANDARD

A petitioner may avail himself of § 2255 relief only if he can show that there are "flaws in the conviction or sentence which are jurisdictional in nature, constitutional in magnitude or result in a complete miscarriage of justice." *Boyer v. United States*, 55 F.2d 296, 298 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 268 (1995). Section 2255 is limited to correcting errors that "vitiate the sentencing court's jurisdiction or are otherwise of constitutional magnitude." *Guinan v. United States*, 6 F.3d 468, 470 (7th Cir. 1993), citing *Scott v. United States*, 997 F.2d 340 (7th

Cir. 1993). A § 2255 motion is not a substitute for a direct appeal. *Doe v. United States*, 51 F.3d 693, 698 (7th Cir. 1995), *cert. denied*, 116 S. Ct. 205 (1995); *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

Federal prisoners may not use § 2255 as a vehicle to circumvent decisions made by the appellate court in a direct appeal. *United States v. Frady*, 456 U.S. 152, 165 (1982); *Doe*, 51 F.3d at 698. Accordingly, a petitioner bringing a § 2255 motion is barred from raising: (1) issues raised on direct appeal, absent some showing of new evidence or changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; or (3) constitutional issues that were not raised on direct appeal, absent a showing of cause for the default and actual prejudice from the failure to appeal. *Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717, 710-20 (7th Cir. 1994).

## DISCUSSION

**(1) Petitioner's Claim of Ineffective Assistance Regarding Search Warrant**

The first claim advanced in Crisp's § 2255 Motion alleges that his attorney was ineffective for failing to file a motion to suppress the results of the search warrant at his residence for lack of probable cause. Doc. 1, at 14–26. Crisp raises a host of challenges with respect to the warrant, namely, that the confidential source ("CS") referenced in the affidavit in support of the warrant was unreliable and affidavit lacked sufficient information to determine the CS's basis of knowledge or to otherwise collaborate the CS's claims.

**(a) The Affidavit**

Crisp attached to his § 2255 Motion a copy of the search warrant and the corresponding affidavit in support of the warrant. Doc. 1, at 32–37. The affidavit is authored by Sergeant

3

Raymond P. Pasel of the Kankakee City Police Department. *Id*. at 34. The affiant states that he supervised two controlled purchases of cocaine from Crisp in a two-month period. Crisp's residence was located at 1192 S. East Ave. The controlled purchases were carried out using a CS. *Id*. at 35.

Pasel stated that the CS informed him before each purchase that he could purchase cocaine from Crisp through an "unwitting black male" intermediary. Law enforcement was aware of Crisp's prior involvement with narcotics, and when the CS was shown a picture of Crisp, the CS identified him as "David Crisp." The CS stated that he could go to the unwitting male's house at 1172 S. East Ave. and have the unwitting make place a call to Crisp and request cocaine. *Id*.

Before each purchase, Pasel provided the CS with United States currency that had been previously photocopied and recorded. The CS did not have any contraband or currency on his person before the searches, and KAMEG agents surveilled the residences at 1192 and 1172 S. East Ave. in anticipation of the controlled purchase to make sure that the CS did not meet with any additional subjects or pick up any other items. The officers maintained constant surveillance over the CS, except for the time the CS spent inside the 1172 S. East Ave. residence. Officers searched the CS after each transaction, finding no currency or contraband other than the cocaine that was the subject of the controlled buys. *Id*.

During the last purchase, officers observed the CS walk to the porch of the residence and speak with the black male subject outside. The CS and black male then entered the residence. Pasel and the CS communicated by text message while the CS was inside the residence for approximately 13 minutes. When the CS emerged from the residence, officers observed Crisp exit the front door of his residence at 1192 S. East Ave., enter the vehicle, and drive to the alley

directly behind his residence. Officers then observed the unwitting male walk out of the 1172 residence and meet Crisp in the alley, where they proceeded to conduct a hand-to-hand drug transaction through the driver's side window of Crisp's vehicle. The CS then returned to with the cocaine and without the currency. A field test of the substance tested positive for cocaine. The CS further informed the officers that he provided the unwitting male with money for cocaine and the unwitting male called Crisp to request the cocaine. The unwitting male informed the CS that Crisp would be home in a few minutes and would call him back to complete the transaction. The CS stated that after a few minutes the unwitting male received a call from Crisp and walked out of the 1172 residence to purchase the cocaine. When the unwitting male returned to the 1172 residence and handed CS the cocaine purchased from Crisp, the CS went to the predetermined location to meet with Pasel and other agents. *Id*. at 35–37.

The first controlled purchase involved similar conduct. There, officers observed the CS walk to the front door of the unwitting male's residence at 1172 S. East Ave. Approximately 10 minutes later, Crisp was observed exiting the rear door of his residence and walking to the south side of his residence to meet with a subject. The officers observed Crisp and the male subject meet and conduct a hand-to-hand transaction before the male returned to the unwitting male's residence. Five minutes later, the CS exited the 1172 residence to meet with law enforcement. The CS provided the officers with cocaine and did not possess any currency. Pasel stated in his affidavit that the CS worked with KAMEG and had provided them with information regarding criminal activities that was verified to be current, reliable, and accurate. He also disclosed that the CS was working for consideration on a pending criminal charge. *Id*.

**(b) The Law**

Criminal defendants are guaranteed the right to effective assistance of counsel under the Sixth Amendment. *Watson v. Anglin*, 560 F.3d 687, 690 (7th Cir. 2009). The seminal case on ineffective assistance of counsel is *Strickland v. Washington*, 466 U.S. 668 (1984). In *Strickland*, the Court stated that in order for a prisoner to demonstrate that counsel's performance did not meet the constitutional standard, the petitioner would have to show that "counsel's representation fell below an objective standard of reasonableness." *Id.* at 687–88; *Wyatt v. United States*, 574 F.3d 455, 458–59 (7th Cir. 2009). Courts, however, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 690.

A prisoner must also prove that he has been prejudiced by his counsel's representation by showing "a reasonable probability that but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. Absent a sufficient showing of both cause and prejudice, a petitioner's claim must fail. *United States v. Delgado*, 936 F.2d 303, 311 (7th Cir. 1991). Thus, the Court "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Strickland*, 466 U.S. at 697 ("If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed.").

In order to prevail on a claim of ineffective assistance based on counsel's failure to present the trial court with a motion to suppress, the petitioner must prove that the motion was meritorious. *United States v. Cieslowski*, 410 F.3d 353, 360 (7th Cir. 2005) (citing *Owens v. United States*, 387 F.3d 607, 610 (7th Cir. 2004); *United States v. Stewart*, 388 F.3d 1079, 1084 (7th Cir. 2004)). In other words, "[f]ailure to raise a losing argument or pursue a futile motion to suppress does not constitute ineffective assistance." *Perez v. United States*, 286 F. App'x 328,

331–32 (7th Cir. 2008) (citing *Whitehead v. Cowan*, 263 F.3d 708, 731 (7th Cir. 2001); *United States v. Jackson*, 103 F.3d 561, 575 (7th Cir. 1996)).

Ms. Pollock did not file a motion to suppress in Crisp's criminal case because she believed that "the search warrant contained sufficient probable cause to justify the search, and the police were reasonable in relying on it." Doc. 1, at 38 (email correspondence between Crisp and his attorney). She was correct. As discussed in the United States' Response, Crisp's attacks on the affidavit are completely contradicted by the facts therein. Doc. 7, at 15. Crisp argues that the affidavit was unclear as to when the CS gave Pasel information regarding Crisp's drug trafficking. The affidavit states that the CS provided this information to Pasel before each buy. Crisp argues the affidavit does not contain any information to support the finding that Crisp lived at 1192 S. East Ave. Doc. 1, at 16. The affidavit states that Crisp was seen leaving the 1192 address at both controlled purchases. *Id*. at 36. Crisp argues that "[t]he affidavit provided no reason to believe that the items being sought would be found in the house." *Id*. at 16. The affidavit states that each time the CS purchased cocaine, Crisp left his residence and immediately engaged in a hand-to-hand transaction with the unwitting black male. *Id*. at 36. Crisp argues that the reliability of the CS was not adequately established and neglects to mention the CS's criminal history. But the affidavit states that the CS had been reliable in the past and disclosed that the CS was cooperating with law enforcement for consideration on a pending charge. *Id*. at 36.

In sum, the affidavit described two incidents where Crisp was seen leaving his residence shortly after the CS entered the neighboring building to purchase cocaine. Both times Crisp arrived at the neighboring residence, the intermediary was seen engaging in a hand-to-hand transaction with Crisp. The CS entered the residence with marked currency and left with cocaine. The CS's version of events was collaborated by law enforcement surveillance. Based on the

7

totality of the circumstances, Pasel's affidavit contained sufficient information to establish probable cause. *Illinois v. Gates*, 462 U.S. 213, 230 (1983). Because Crisp has failed to establish that a motion to suppress would have had merit, his first ineffective assistance claim must be denied. *Cieslowski*, 410 F.3d at 360.

**(2) Petitioner's Claim of Ineffective Assistance Regarding Discovery**

Crisp's second claim is that his counsel was ineffective for failing to disclose discovery material to him during pretrial proceedings. Doc. 1, at 26–29. Specifically, Crisp alleges that "Trial counsel was ineffective for telling the Movant to accept a plea agreement without going over any allegation surrounding the search warrant." *Id*. at 26–27. According to Crisp, "Movant's pre-trial counsel did not provide him with his discovery material until he was sentenced and sent to prison." *Id*. at 27. "Instead, Movant only saw the [presentence report] and the plea agreement which only indicated [*sic*] allegation surrounding the search warrant affidavit." *Id.*

As the United States points out in its Response, Crisp's second claim of ineffective assistance is simply a repackaging of his first claim. Doc. 7, at 18. The only "discovery" Crisp specifically references in support of his claim is the search warrant and affidavit. As set forth above, Crisp failed to establish that a motion to suppress evidence obtained from the search would have had merit. *See Cieslowski*, 410 F.3d at 360. Thus, assuming *arguendo* that Crisp's attorney did not show him the search warrant and affidavit, he cannot show that he was prejudiced from his counsel's failure to do so.

**(3) Petitioner's Claim Involving a Challenge to a Prior Drug Conviction**

Petitioner's third and final claim is that this § 2255 proceeding should be stayed while he challenges his 2003 conviction for manufacture or delivery of cocaine in Kankakee County,

8

Illinois. The Court declines to do so. First, Crisp has not informed this Court as to the status of his post-conviction proceedings, nor has he provided a case number or a summary of the arguments raised in that proceeding. Second, even if Crisp were successful in vacating one of his prior felony drug convictions, his Presentence Investigation Report indicates that he has accumulated numerous other felony convictions for offenses that are either crimes of violence or controlled substance offenses under the Career Offender guideline. *See* R. 23, at 5–13; U.S.S.G. § 4B1.1. Because Crisp has failed to show good cause for his stay request or that his claim is potentially meritorious, the Court declines to delay this proceeding any further. *Purvis v. United States*, 662 F.3d 939, 945 (7th Cir. 2011). Crisp's third claim is denied.

### CERTIFICATE OF APPEALABILITY

Where a federal court enters a final order adverse to the petitioner, "the district court must issue or deny a certificate of appealability." Rule 11(a) of the Rules Governing Section 2255 Proceedings for the United States District Courts. To obtain a certificate, the petitioner must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a district court denies a petition on procedural grounds, in order to obtain a certificate, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 478.

The Court declines to issue a certificate of appealability here because it is not debatable that Petitioner Crisp failed to make a substantial showing of the denial of a constitutional right with respect to his ineffective assistance of counsel claims, and Crisp's state court challenge to one of his prior convictions would not impact his Career Offender designation. Accordingly, the Court declines to issue a Certificate of Appealability.

## CONCLUSION

For the reasons set forth above, Petitioner David Crisp Jr.'s Motion (Doc. 1) to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 is DENIED and the Court declines to issue a Certificate of Appealability.

Signed on this 22nd day of August, 2018.

s/ James E. Shadid
James E. Shadid
Chief United States District Judge
